UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRENDA LAREE GILBERT

                    Plaintiff,

        v.

TYLER HEAD; OREGON MEDICAL
GROUP; WELLS FARGO BANK;
CAROLYN PERRY; JANET PERRY,

                    Defendants.

6:15-cv-00432-TC

FINDINGS AND RECOMMENDATION

COFFIN, Magistrate Judge:

Plaintiff filed a complaint *pro se* alleging jurisdiction under the Americans With Disabilities Act.  By order [ECF No. 9] entered on April 15, 2015, plaintiff's complaint was dismissed for failure to meet the minimal pleading requirements of the Federal Rules of Civil Procedure.  Plaintiff was advised of the deficiencies of the complaint and allowed 30 days to file an amended pleading.

On May 28, 2015, plaintiff filed an amended complaint [ECF No. 21].  However, plaintiff's amended complaint does not cure the deficiencies that led to the dismissal of plaintiff's previous complaint.

FINDINGS AND RECOMMENDATION                                                    PAGE 1

In short, plaintiff does not allege any facts that would support the alleged jurisdictional basis – "federal question . . . civil rights for a person with a disability" [ECF No. 21 at 3]. In addition, as with plaintiff's previous pleading, she has not alleged sufficient facts to state a claim or to enable the defendants to respond. Plaintiff's claims apparently involve a real estate transaction that soured. Beyond that, it is impossible to even ascertain the nature of plaintiff's claims or what the named defendants allegedly did that violated plaintiff's rights.

Based on the foregoing, plaintiff's amended complaint [ECF No. 21] should be dismissed for failure to state a claim and lack of jurisdiction. Because it is apparent that the deficiencies of the complaints cannot be cured by amendment, the dismissal should be with prejudice.

Plaintiff's Motion for Mediation [ECF No. 11], Application for CM/ECF Registration [ECF No. 16] and Motion for Appointment of Counsel [ECF No. 23] should be denied as moot. The Clerk of Court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the magistrate judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the magistrate judge's recommendation.

FINDINGS AND RECOMMENDATION                                                                 PAGE 2

*Any appeal from an order adopting this findings and recommendation or judgment dismissing this case would be frivolous and not taken in good faith.  Therefore, plaintiff's in forma pauperis status should be revoked.*

Dated this 12th day of June 2015.

 s/Thomas M. Coffin
THOMAS M. COFFIN
United States Magistrate Judge